UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CATINA PELAS | CIVIL ACTION |
| v. | NO. 11-2876 |
| EAN HOLDINGS, LLC, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

This personal injury litigation arises out of a rental car that allegedly malfunctioned. On October 12, 2010 Catina Pelas was driving a rental car when it allegedly malfunctioned, causing her to lose control and crash along Highway 23 in Plaquemines Parish, Louisiana.[1] As a result of the single-car accident, Pelas claims she injured her sternum and shoulder.

---

[1] According to the state court petition, Chris Whitely rented a 2010 Hyundai Elantra from Enterprise (or its holding company) for Pelas, who was also an authorized driver in accordance with the car rental agreement. When Pelas drove the car off the Enterprise lot in Gretna, she headed toward Plaquemines Parish. Upon entering Highway 23 in Belle Chasse, Pelas pressed the accelerator as she traveled in the left lane. However, as her speed increased, the car pulled severely to the left; Pelas decided to enter the right lane so that she could pull the car over on the shoulder. As she attempted to merge into the right lane, Pelas lost control of the car, which veered sharply to the left, crossing a median and traveling into oncoming traffic headed northbound on Highway 23, finally and abruptly stopping after hitting an "object."

On October 11, 2011 Pelas sued EAN Holdings, LLC, Enterprise Leasing Company of New Orleans, Enterprise Rent-A-Car Company, EAN-New Orleans, LLC, EAN Services, LLC, and Enterprise Holdings, Inc. in state court, asserting that the defendants were negligent and they breached warranties imposed upon them as lessors under La.C.C. art. 2696-2697. Regarding damages, Pelas claims:

> Plaintiff sustained severe, painful and permanent injuries, including, but not limited to, injuries to her sternum and shoulder for which she has endured significant, pain, suffering disability, loss of wages, loss of earning capacity, medical expenses, travel expenses, associated miscellaneous expenses, mental anguish, emotional distress, loss of enjoyment of life, depression, and anxiety for which she claims a reasonable sum....

On November 18, 2011 the defendants[2] removed the lawsuit to this Court, invoking this Court's diversity jurisdiction.

The plaintiff now seeks to remand this lawsuit back to state court.

I.
A.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the

---

[2] The defendants assert in their Notice of Removal that EAN Holdings, LLC is the only proper defendant in this matter and they point out that both Enterprise Rent-A-Car Company and Enterprise Leasing Company of New Orleans no longer exist as they were merged into EAN Holdings, LLC and Enterprise Holdings, Inc., respectively.

2

case, that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

*B.*

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. The only dispute here is whether the amount-in-controversy requirement is met.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). Louisiana law forbids a plaintiff from including a specific amount

of damages in her prayer for relief. LA. CODE CIV. PROC. art. 893.[3] When the plaintiff has alleged an indeterminate amount of damages, as is the case in Louisiana, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Where the complaint is ambiguous as to whether the injuries surpass the jurisdictional amount in controversy, the Court may consider a post-removal affidavit that clarifies the original complaint. Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. V. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

If the removing party satisfies its burden, the plaintiff

---

[3]This provision further provides that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount is required." La. Code Civ. Proc. art. 893.

can only defeat removal by showing that it is "legally certain that [her] recovery will not exceed the amount stated in the state complaint." De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.")). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, St. Paul makes later filings irrelevant." De Aquilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

II.

The defendants contend that it is facially apparent that from the allegations of the state court petition that the jurisdictional minimum amount in controversy requirement is met. The Court agrees.

In making the "facially apparent" determination, the proper procedure is to examine the plain wording of the complaint and decide whether the allegations set forth a claim that likely exceeds the jurisdictional amount. See Allen v. R&H Oil and Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). The defendants contend that the allegations of the state court petition here -- where Pelas alleges permanent injury to her shoulder and sternum,

5

together with claims for past lost wages, future loss of earning capacity, loss of enjoyment of life, mental anguish, emotional distress, depression, anxiety, medical expenses, etc. -- are allegations that are likely to result in an award in excess of the federal jurisdictional amount.  In support of their contention, the defendants invoke Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Lopez v. Ford Motor Co., Inc., No. 98-135, 1998 WL 113934, at *1 (E.D. La. Mar. 11, 1998)(Clement, J.); and Corkern v. Outback Steakhouse of Florida, Inc., No. 05-5487, 2006 WL 285994 (E.D. La. Feb. 6, 2006)(Vance, J.).  In each of these cases, the plaintiff alleged, in addition to physical injuries, medical expenses, mental anguish, emotional distress, loss of enjoyment of life, lost wages, loss of earning capacity, and permanent disability.  See id.  And in each of these cases the courts determined that it was facially apparent from the complaint that the jurisdictional minimum amount in controversy was satisfied.  See id.  The same result is compelled here.

Based on the plaintiff's allegations of severe and permanent injuries to her sternum and shoulder, and her claims for lost wages, loss of future earnings, mental anguish, emotional distress, depression, anxiety, loss of enjoyment of life, and medical expenses, it is facially apparent from the state court petition that her claims are likely to result in an award in excess

6

of the $75,000 jurisdictional minimum.[4] Accordingly, the plaintiff is not entitled to remand unless she shows to a legal certainty that she cannot recover over $75,000 in damages. Pelas has failed to make the required showing. In her reply papers, Pelas suggests that her medical expenses are nowhere near the minimum controversy requirement, but she likewise concedes that her medical expenses are uncertain because it is "unclear" whether or not her shoulder will require surgery.[5] While the defendants carried their burden to show that it is facially apparent from Pelas' petition that she is likely to recover more than $75,000 in damages, Pelas falls

---

[4]The Court also notes that other factors are present that shed some light on the quantum inquiry. First, the plaintiff did not originally allege that her claims do not exceed the requisite jurisdictional amount, as required by LA. CODE CIV. PROC. art. 893 ("...The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ...a general allegation that the claim ... is less than the requisite amount is required."). Moreover, although the plaintiff seeks remand on the ground that the amount in controversy is less than $75,000, curiously, she has refused to stipulate to that when defendants offered her the opportunity to avoid removal of her lawsuit. (She claims, by way of her reply papers, that this is so because it is unclear whether her injuries might require surgery.) Also, the plaintiff requested a jury trial, which suggests that it is facially apparent that the amount in controversy at least exceeds the minimum amount necessary for a jury trial in the forum in which suit was originally filed. See Lopez v. Ford Motor Co., Inc., No. 98-135, 1998 WL 113934, at *1 (E.D. La. Mar. 11, 1998)(Clement, J.). Quite obviously, if plaintiff's present insistence about jurisdictional amount has any credibility, this case will settle for less than $75,000.

[5]Pelas fails to suggest any estimated quantum for any of the other damage components in her laundry list, such as loss of future earnings or emotional damages.

short of satisfying her burden of showing to a legal certainty that she will not.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, January 11, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE