UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATINA PELAS                                        CIVIL ACTION

v.                                                  NO. 11-2876

EAN HOLDINGS, L.L.C., ET AL.                        SECTION "F"

ORDER AND REASONS

Before the Court is defendant EAN Holdings, L.L.C.'s motion to dismiss the plaintiff's claim for spoliation of evidence. For the reasons that follow, the motion is DENIED.

**Background**

This personal injury litigation arises out of a rental car that allegedly malfunctioned.

On October 12, 2010 Chris Whiteley leased a 2010 Hyundai Elantra from EAN Holdings, L.L.C., which owned the car. That same day, Catina Pelas (who was listed as an additional authorized driver on the car rental agreement) drove the car off the lot in Gretna and headed toward Plaquemines Parish; upon entering Highway 23 south in Belle Chasse, Pelas drove in the left lane and began to pick up speed. As she accelerated, the car pulled severely to the left, causing Pelas to decide to get over to the right lane so that she could pull over and stop the car on the shoulder. As she attempted to merge into the right lane, however, Pelas allegedly lost control of the car as it veered sharply toward the left, crossed a median, and proceeded into oncoming traffic headed

1

northbound on Highway 23.  The Elantra came to an abrupt stop after crashing into a concrete wall.  Pelas claims that she suffered severe and permanent injuries as a result of the accident.

On October 11, 2011 Pelas sued EAN Holdings, LLC, Enterprise Leasing Company of New Orleans, Enterprise Rent-A-Car Company, EAN-New Orleans, LLC, EAN Services, LLC, and Enterprise Holdings, Inc. in state court, asserting that the defendants were negligent and they breached warranties imposed upon them as lessors under La.C.C. art. 2696-2697.  On November 18, 2011 the defendants[1] removed the lawsuit to this Court, invoking this Court's diversity jurisdiction.  The plaintiff requested that her suit be remanded on the ground that diversity jurisdiction was lacking, but this Court denied the motion because the defendants demonstrated that it was facially apparent from the plaintiff's state court petition that the jurisdictional amount in controversy exceeded $75,000.

The plaintiff has since filed an amended complaint, in which she names as defendants only EAN Holdings, L.L.C. and, for the first time, Bridgestone Retail Operations, L.L.C.[2]  Pelas reasserts

---

[1] The defendants asserted in their Notice of Removal that EAN Holdings, LLC is the only proper defendant in this matter and they point out that both Enterprise Rent-A-Car Company and Enterprise Leasing Company of New Orleans no longer exist as they were merged into EAN Holdings, LLC and Enterprise Holdings, Inc., respectively.

[2] Pelas alleges that Bridgestone installed tires on the Elantra a few weeks before she drove it; she seeks to recover for Bridgestone's failure to properly install tires, or for installing defective tires, or for failing to properly align the Elantra.

and expands her original claims in which she contends that EAN was negligent for a number of reasons, that EAN is liable for breach of warranties, and that EAN is liable to her under any applicable self-insured insurance program. Finally, Pelas for the first time asserts in her amended complaint that EAN is liable for spoliation of evidence. EAN now seeks to dismiss Pelas' spoliation claim.

I.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. Such a motion "'is viewed with disfavor and is rarely granted.'" See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in

the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted).

The United States Supreme Court suggests a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. Iqbal, 129 S. Ct. at 1950. First, the Court must identify pleadings that are conclusory and thus not entitled to the assumption of truth. Id. A corollary: legal conclusions "must be supported by factual allegations." Id. Second, for those pleadings that are more than merely conclusory, the Court assumes the veracity of those well-pleaded factual allegations and determines "whether they plausibly give rise to an entitlement to relief." Id.

This facial plausibility standard is met when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Claims that are merely conceivable will not survive a motion to dismiss; claims must be plausible. Twombley, 550 U.S. at 570; see also Iqbal, 129 S.Ct at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal 129

4

S.Ct. at 1949 (internal quotations omitted).  In the end, evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## II.

The defendant seeks dismissal of the plaintiff's spoliation claim on the grounds that (1) Pelas has not alleged facts, which, if true, would have put EAN on actual or constructive notice of litigation prior to the sale of the vehicle; (2) Pelas has not alleged facts, which, if true, would have imposed a duty on EAN to preserve the vehicle when it was sold.

*A.*

"The Louisiana tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use." Burge v. St. Tammany Parish, 336 F.3d 363, 374 (5th Cir. 2003)(citation omitted). As a preliminary matter, sitting in diversity, this Court applies the substantive law of Louisiana. King v. Illinois Central R.R., 337 F.3d 550, 555-56 (5th Cir. 2003).  But procedural and evidentiary matters generally are governed by federal law. See id. at 556 (citing Washington v. Dep't of Transp., 8 F.3d 296, 300 (5th Cir. 1993)).  Thus, evidentiary presumptions that permit an adverse inference based on unproduced evidence are controlled by federal law.  Id. (citing Hebert v. Wal-Mart Stores, Inc., 911 F.2d 1044,

5

1047 (5th Cir. 1990)); Morris v. Homco Int'l, Inc., 853 F.2d 337, 341 (5th Cir. 1988).

Pelas seeks damages sounding in a tort claim based on spoliation of evidence, which is governed by Louisiana law. However, she alternatively seeks an adverse presumption based on the application of the doctrine of spoliation of evidence, which is controlled by federal law. Accordingly, the Court analyzes the sufficiency of her spoliation claim under both state law and federal law.

*B.*

1. Spoliation of Evidence Claim Under Louisiana Law

Again: "The Louisiana tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use." Burge v. St. Tammany Parish, 336 F.3d 363, 374 (5th Cir. 2003)(citation omitted). The obligation or duty to preserve evidence arises from the foreseeability of the need for the evidence in the future. Dennis v. Wiley, 22 So.3d 189, 2009-0236 (La. App. 1 Cir.9/11/09). To state a claim for the tort of spoliation under Louisiana law the plaintiff must plead facts sufficient to plausibly establish two elements: (1) intentional destruction of the evidence and (2) destruction of the evidence was for the purpose of depriving the plaintiff of its use. See Kemp v. CTL Distribution Inc., 440 Fed. Appx. 240, 2011 WL 3425592 (C.A.5

(La. 8/5/11)). Although the U.S. Court of Appeals for the Fifth Circuit briefly addressed the Louisiana tort of spoliation in Kemp, it has largely focused on adverse presumption. Thus, there is little guidance from the Fifth Circuit on Louisiana law governing the tort of spoliation; the contours of which are still developing in state courts. But apparently the vehicle in question is gone.

The defendant contends that Pelas has failed to allege facts sufficient to establish that EAN had a duty to preserve the vehicle because she pleads no facts to support EAN having actual or constructive knowledge of possible litigation when the vehicle was sold. EAN invokes several Louisiana First Circuit Court of Appeals cases that suggest that actual knowledge, not constructive knowledge, is required to recover damages for spoliation under Louisiana law. The Louisiana First Circuit Court of Appeals has observed, "[w]here a suit has not been filed and there is no evidence that a party knew a suit would be filed when the evidence was discarded, the theory of spoliation of evidence does not apply." Harris v. St. Tammany Parish Hospital Service Dist. No. 1, 2011 WL 6916523, 2011-0941 (La. App. 1 Cir. 12/29/11). While the defendant relies solely upon First Circuit Court of Appeals cases for this premise, the plaintiff counters that the state Fifth Circuit Court of Appeals has implied that constructive notice is enough. Robertson v. Frank's Super Value Foods, Inc., 7 So.3d 669, 673-674 (La. App. 5 Cir. 1/13/09).

7

Robertson is a slip and fall case in which the defendant destroyed videotape footage of the time period preceding the accident. Id. While Robertson does not expressly hold that constructive knowledge is sufficient, the court denied the defendant's motion for the summary judgment on the spoliation claim, despite the fact that the defendant did not have actual knowledge that a lawsuit would be filed; thus the court can be said to have implied that constructive knowledge was sufficient. Id. Pelas also points out that the Robertson court took note of the defendant's relative legal sophistication in determining whether the defendant should have assumed that there would be possible future litigation. Id.

The defendant suggests that Robertson is distinguishable here because the cost of preserving a vehicle is greater than that of preserving some piece of videotape. However, a reliance on policy arguments in an attempt to eliminate a company's obligation to preserve evidence based on cost is not an appropriate consideration on this Rule (12)(b)(6) motion;[3] the Court need not resolve policy arguments in order to determine whether the plaintiff has stated a plausible claim. The Court recognizes that the contours of the

---

[3] Furthermore, indulging the defendant's appeal to policy considerations, this case arguably calls for an even greater need to preserve evidence than in Robertson because this case involves the unavailability of the actual item that allegedly caused the injury, not a recording of the scene. Clearly, there are policy considerations in favor of preserving the actual vehicle that allegedly caused the serious accident.

independent tort of spoliation in Louisiana is relatively undeveloped and unsettled, including the constructive versus actual knowledge threshold.[4] Significantly, however, nearly all of the case law suggests that the obligation to preserve evidence arises from the foreseeability of the need for the evidence in the future, and foreseeability could logically arise from constructive knowledge of possible litigation. See Dennis v. Wiley, 22 So.3d 189, 2009-0236 (La. App. 1 Cir.9/11/09). It is difficult for one to ignore the seriousness of the events at issue.

Pelas contends that EAN's sale of the Elantra, just 8 days after her accident, constitutes spoliation of evidence and entitles her to damages, or an adverse presumption at trial. In particular, Pelas asserts:

> 12.
> On October 12, 2010, the...accident was reported to Defendant, EAN, by Plaintiff...and a claim was made by Plaintiff under EAN's self insured personal insurance program.
> 13.
> At the request of Defendant, EAN, in making the insurance claim, a "Personal Accident Insurance Claim Form" was completed on October 12, 2010 regarding the accident. When prompted by the form to "State how the accident occurred" it was reported that the "car jerked

---

[4] The Court, sitting in diversity, applies the substantive law of Louisiana. When, as here, the Louisiana Supreme Court has not yet addressed an issue, the Court must use its judgment to determine how the Louisiana Supreme Court would resolve the issue. Holden v. Connext-Metalna Mgmt.Consulting GMBH, 302 F.3d 358 (5th Cir. 2002). The Court finds Robertson, the most factually similar case, instructive in making an Erie guess that the Louisiana Supreme Court would hold constructive knowledge is sufficient for a spoliation claim.

>    to the left and lost control (driver front tire) hit
>    concrete wall."
>                                 14.
>    On October 13, 2010, Defendant, EAN, created a "Vehicle
>    Accident Report" Number DX140215R regarding the above
>    referenced accident.
>                                 15.
>    Sometime shortly thereafter, members of Defendant, EAN's,
>    damage recovery unit conducted an investigation into the
>    cause of the accident.
>
>                                 16.
>    On February 15, 2012, Plaintiff learned for the first
>    time through...EAN's...responses to discovery that on
>    October 20, 2010, Defendant, EAN, sold the relevant
>    vehicle to a third party. [P]rior to the sale, no
>    attempts were made by Defendant, EAN, to preserve any
>    evidence relating to the vehicle, including, but not
>    limited to, the tires and/or the event Data Recorder. By
>    selling the vehicle, Defendant, EAN, intentionally
>    deprived Plaintiff of the use of said evidence in
>    prosecuting her claim for damages.
>                                 17.
>    As a result, Defendant, EAN, is liable for spoliation of
>    evidence entitling Plaintiff to all damages provided by
>    law and/or an adverse presumption at trial.

Pelas has alleged that EAN was notified of her one car accident in EAN's vehicle and that she was injured in the accident. Pelas also alleges that a claim was filed with EAN's self-insured insurance program, which prompted EAN to conduct an investigation. Pelas asserts, and the Court agrees, that these are sufficient allegations to support a plausible claim that EAN had constructive knowledge of a serious event that would alert them to possible future litigation. Given that <u>Robertson</u> suggests that constructive notice is sufficient to support a spoliation claim, and that Pelas has also alleged facts to plausibly support a finding that EAN

10

intentionally sold the car shortly after the incident despite notice of a claim, and intentionally deprived Pelas of the use of the car as evidence, the plaintiff has asserted enough facts to support a plausible independent cause of action for spoliation of evidence under Louisiana Law.[5]

2. Adverse Inference Based on Evidence Destruction Under Federal Law

For a plaintiff to be entitled to an adverse assumption based on spoliation under federal law, the plaintiff must show: (1) the defendant had a duty to preserve the evidence, (2) a culpable breach of that duty, and (3) the plaintiff was prejudiced as a result. Hunt v. Marquette Transp. Co. Gulf-Inland, LLC., No. 09-6055, 2011 WL 3924926, at *2 (E.D.La. Aug. 5, 2011). Federal law is more settled as accepting constructive knowledge as a basis for a duty to preserve evidence. "A duty to preserve arises when a party knows or should know that certain evidence is relevant to

---

[5] This Court's finding that the plaintiff has stated a claim for spoliation withstands the defendant's other arguments against such a finding. For example, the defendant complains that the plaintiff has failed to allege facts sufficient to establish that EAN had a duty based on a statute, contract, special relationship, or affirmative agreement or undertaking to preserve the vehicle when it was sold. But, the defendant fails to acknowledge that the authority on which it relies was decided on the basis that at the time no separate spoliation cause of action was recognized in Louisiana; accordingly the court required the duty to arise from something else. See Bell v. CSX Transportation Inc., No. Civ. A. 97-2941, 1997 (E.D.La. 11/7/1997). The defendant itself concedes that that has changed with the development of a separate cause of action for spoliation. See Burge v. St. Tammany Parish, 336 F.3d 363, 374 (5th Cir. 2003)

pending or future litigation." Id. at *2 (citation omitted). Furthermore, "[o]nce litigation is reasonably anticipated, a potential party to that litigation has a duty not to destroy unique, relevant evidence that might be useful to an adversary." Id. at *2 (citations and internal quotations omitted). Federal procedural law and evidentiary rules focus on the bad conduct or bad faith of the defendant in determining whether an adverse inference based on the destruction of evidence is warranted. King v. Illinois Central R.R., 337 F.3d 550, 556 (5th Cir. 2003)(establishing that an adverse inference for spoliation of evidence is predicated on the bad conduct or bad faith of the defendant).

  Again, the parties seem to dispute only whether Pelas has sufficiently alleged a duty to preserve evidence. The plaintiff, relying on Consolidated Aluminum Corp. v. ALCOA, contends that constructive knowledge of reasonably foreseeable litigation created a duty on the part of EAN to preserve the vehicle at the time it was sold. Consolidated Aluminum Corp. v. ALCOA, 244 F.R.D. 335 (M.D. La. July 19, 2006). Pelas contends EAN was put on notice to preserve the vehicle when it was notified that Pelas was injured in a one car accident while driving a vehicle owned by EAN and when Pelas filed a claim with EAN's self-insured insurance program.

  The defendant counters, predictably, that constructive knowledge is not sufficient for an adverse inference based on

spoliation because <u>Consolidated</u> used language similar to constructive knowledge, but the holding in fact was limited to situations in which a demand letter gave rise to reasonable anticipation of litigation. <u>See</u> <u>id.</u> EAN argues that a demand letter is tantamount to actual notice.  Even if constructive knowledge is sufficient for a spoliation claim, EAN argues that Pelas failed to state facts sufficient to establish that EAN had constructive notice to preserve the vehicle.  The Court, again, disagrees.  Pelas has alleged facts which, if proved, would demonstrate that EAN reasonably could have anticipated litigation. <u>See</u> <u>Hunt</u>, 2011 WL 394926.

    Moreover, although neither the defendant, nor the plaintiff, addresses whether Pelas has pleaded enough facts to plausibly claim that EAN acted in bad faith, the Court finds that she has.  Pelas alleges that she had reported the accident to EAN and that, after that, EAN "intentionally" sold the vehicle to deprive her of its use in litigation. Taken as true, it is plausible that this conduct constitutes bad faith and, if proven, Pelas would be entitled to an adverse presumption under federal evidentiary law.

    Accordingly, the defendant's motion to dismiss is DENIED.

                             New Orleans, Louisiana, June 19, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE